2. The return may be made wholly on the warrant, or separately on the warrant and order of adjudication.

3. The United States district court has no power to make general rules. such power being vested elsewhere by section ten of the bankrupt act [of 1867 (14 Stat. 5¤1)].

By BENJAMIN J. BROWN, Register:

In this case some questions arose pertinent to the proceedings which the undersigned certifies for the opinion of the court. The clerk transmitted to me a certified copy of the adjudication of bankruptcy, which, I am unofficially advised, has been served upon only one of the bankrupts; the other, a single man, being, at the time, absent from the state. The marshal adds to the return upon the warrant these words: "And I served a copy of the order of adjudication on Donald A. Kennedy and Angus Mackintosh, each by ———." This statement is not complete, and no return appears upon the copy of the order of adjudication. Section 42 of the bankrupt law provides: "If the debtor has failed to appear in person or by attorney, a certified copy of the adjudication shall be served forthwith upon him, by delivery or publication, in the manner hereinbefore provided for the service of the order to show cause." Service of an order to show cause "shall be made by publication, in such manner as the judge may direct." Section 40. I have uniformly construed a power vested in the "court" as exercisable by the register in a case where there is no opposition; otherwise, where the power is vested in the judge, eo nomine. I deem it my duty to call the attention of the court to the facts as peculiarly within my own knowledge, and to communicate my views thereon, which must necessarily assume an abstract form, as they are rather inquiries than opinions:

First. I think it clear, if the marshal undertakes the service of the warrant, that the service of the order of adjudication by him is a necessary incident to that duty, although it is not embraced within the command of the writ.

Second. That the return of such service should be made upon a copy of the order of adjudication, and not upon the warrant.

Third. That whether the copy of the order upon which the return is made should be filed with the clerk or the register is a matter of practice to be settled by rule.

Fourth. That whether the petitioning creditor should move in obtaining the order of publication, equally with the mode in which the necessity for such order is to be brought to the attention of the judge, is likewise a matter of practice to be settled by rule.

Fifth. That service of a copy of the order by publication is mainly a right or privilege personal to the bankrupt, and the delay in such service should not retard the general course of proceedings; and upon the view here expressed I have acted in this case.

All which is respectfully submitted.

LONGYEAR, District Judge. As to the first and fifth, I concur with the register. As to the second, I think the return may be made wholly on the warrant, or separately on the warrant and order, but that the latter course is preferable. As to the third and fourth, I do not deem any general rule necessary; neither do I think this court has power to make general rules, such power being vested elsewhere by an express provision of the act. See section 10 and rule 32. The clerk will certify this decision to the register, Benjamin J. Brown, Esq.

═══

## Case No. 7,700.

### In re KENNEDY et al.

[20 Pittsb. Leg. J. 193.]

District Court, W. D. Pennsylvania. July 25, 1873.

VOLUNTARY BANKRUPTCY—COSTS — FEE OF SOLICITOR.

1. A reasonable compensation to the solicitor of a voluntary bankrupt for his services in preparing the petition and schedules is a proper charge to be allowed out of the assets in the hands of the assignee as part of the costs incurred in the administration of the bankrupt's estate.

[Cited. but not followed, in Re Gies, Case No. 5,407.]

2. As such an allowance rests within the equity of the court, no application therefor will be entertained after the filing of the assignee's account and the issuance of an order for a meeting of creditors for final dividend.

[In the matter of John D. Kennedy and Samuel B. Kennedy, bankrupts.]

By SAMUEL HARPER, Register:

At a meeting of the creditors ordered upon the application of the assignee under the 27th section of the bankrupt law [14 Stat. 529], held on the 4th day of June last, Messrs. White & Slagle, solicitors for the bankrupts, filed a petition setting forth their services as such solicitors in the preparation of the bankrupts' petition and schedules, averring that they have received no compensation out of the funds remaining for distribution. As far as I can ascertain the question involved in this petition has never before been raised in this judicial district, and I have no authority of this court to aid me in disposing of the prayer of the present petition. In re O'Hara [Case No. 10,465], decided by this court. established the rule that the solicitor for the petitioning creditor in the case of involuntary bankruptcy is entitled to compensation out of the estate, upon the equitable principle that he who shares in a benefit should contribute a like share to the expenses incurred in realizing the benefit. Although it cannot be said that the two cases are perfect parallels, yet it is a difficult matter to show why the solicitor should be paid out of the estate in one case and not in the other, when in both cases it is owing to the work of the solicitor that the estate of the bankrupt is brought into bankruptcy for distribution. It is true that

the law recognizes the right of the debtor to prepare and file his petition and schedules,. and do all needful things in court in person—that he may dispense with the services of a solicitor. This, however, is his legal right only—the right does not invest him with the legal ability to exercise it. The same thing can 'be said with equal force of the creditor who petitions against his debtor.

Whilst bankruptcy practice is by no means a complicated one, it is, however, so complete, thorough and precise in its details as to require a solicitor of considerable ability to prepare a petition and schedules conformable to the requirements of the bankrupt act and general orders. A solicitor being necessary, it follows naturally that he should be compensated for his services. It has been said in Re Evans [Case No. 4,552], that he should prove his debt and secure a dividend, but that surely is not equitable. The services of a solicitor in such cases are not invoked until it has become certain that the debtor is unable to pay his debts in full, and it is not reasonable to expect a solicitor to do his work with the certainty that he will only receive a percentage of a fair compensation for his labor. It is certain that no man sells goods, lends money or renders services to another unless he believes that he will be paid in full, and it is equally certain that if he has doubts even of payment in full he will neither sell, lend nor labor. It is unreasonable to expect a solicitor in bankruptcy to become an exception to this rule.

The more I consider this application the more it strikes me as a meritorious one. It is an exception to the usual practice. In all cases the standard of compensation is agreed upon between the solicitor and the bankrupt, and rarely ever is the amount known to the creditors or the court whether it be reasonable or excessive. The compensation in such cases is of course paid out of the bankrupt's assets, and it is properly, I think, said in Re Rosenfield [Case No. 12,057], that the solicitor may demand and receive a reasonable compensation before rendering his services, and the payment will be valid. Now in this matter the solicitors have not received any payment whatever for their services, and I can see no reason in principle why they should not be compensated out' of the estate in bankruptcy when they might have been paid out of the assets just before the petition was filed, especially as they submit to the judgment of the court in regard to the amount of such compensation. If the payment made by a debtor for preparing his petition and schedules in bankruptcy be not a valid payment, it will be impossible for an insolvent debtor ever to comply with the requirements of the bankrupt law by going into voluntary bankruptcy in order to secure an equal distribution of his assets among his creditors. The general orders in bankruptcy require such particularity in regard to the necessary statements and the omission of interlineations and abbreviations in the preparation of the petition and schedules that a solicitor is absolutely necessary. If, as was said in Re Rosenfield, already cited, that the payment out of the assets of a reasonable compensation before the filing of the petition will be valid, it is difficult to see why such a payment should not be made after the petition is filed. In either case it is payment out of the assets and it.seems to be immaterial at what point of time the payment is made.

I think the reasons given in Re O'Hara, already cited, can fairly be applied to this question, and I refer to that case for a fuller statement of my views. This is a case of a co-partnership consisting of two partners, and required a schedule of the debts and inventory of the assets of the firm, and a separate schedule and inventory of each of the partners. I recommend an allowance of one-hundred dollars.

Should the court affirm this opinion, I have a further recommendation to make in regard to the time that all future applications of this kind should be made. This petition was filed at the last meeting when the final account of the assignee was audited. and when the final distribution of the estate should have been ordered, and that the question should be fairly considered a delay in the distribution has occurred. All questions relating to the assets should be settled and disposed of before such a meeting is held, and as the allowance of a claim of this kind does not rest on any provision of the statute but in the equity of the court, I recommend that no ap-. plication of this character be entertained after the filing of the assignees' final account and the issuance of an order for a meeting of creditors for final distribution.

McCANDLESS, District Judge. ' The decision of the register is approved, * * * and the assignee is directed to draw a check on the fund in his hands for $100, payable to the order of White & Slagle.

─────

KENNEDY (BARCLAY v.). See Case No. 976.

KENNEDY (BAZIL v.). See Case No. 1,151.

KENNEDY (CALLAN v.). See Case No. 2,-319.

─────

## Case No. 7,701.

KENNEDY et al. v. DODGE et al.

[1 Ben. 311.] [1]

District Court, S. D. New York. Aug., 1867.

DAMAGE TO CARGO — DELIVERY — NEGLIGENCE OF MASTER IN OVERLOADING PIER—RECOUPMENT.

1. Where a ship arrived in New York, with cargo consigned to respondents, and they had notice of the landing of it. and took part of it away, but before they had removed it all, the

1 [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]